BISHOP & BABCOCK CO. v. GRIFFITHS et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7942.   Decided Nov. 21, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

725.   LIMITATION—Where petition shows that action was planted upon question of breach of duty and not on deceit or fraud, allegation of fraud will not permit it to be maintained after four year limitation.

Error to Common Pleas.
Judgment affirmed.

Niman & Buss, Cleveland, for Bishop & Babcock.

Day & Day, Cleveland, for Griffiths et.

STATEMENT OF FACTS.

In the court below, plaintiff, who is plaintiff in error here, filed its petition asking for some $35,000 which it claimed had been misapplied by the defendants below, who had been officers and employees in the plaintiff company. It alleged a series of transactions and claimed that it was defrauded, and that the fraud was not discovered until within four years from the time suit was brought.

A demurrer was filed to the petition and, on hearing of the demurrer, the Common Pleas sustained it, on the ground that the petition showed that the causes of action were both barred by the statute of limitations. The plaintiff, not desiring to plead any further, submitted to judgment being entered against it, and prosecuted error to this court.

## OPINION OF COURT.

VICKERY, J.

The question, and the only question, that arises on this record is, was this an action in fraud, or was it an action for breach of duty?

It is true the petition has certain several allegations where they say that the plaintiffs fraudulently did so and so, but every allegation of fraud may be eliminated from the petition and still, had the suit been filed in time, it would have stated a perfect cause of action against the defendant below and defendants in error here, for a breach of their duty towards the company for which they were employed; and one cannot read this petition without coming to the conclusion that, * * * these defendants had a certain duty to perform to the corporation of which they were employees and that if the transactions which they are charged with having done are true * * *, then there would be a cause of action against them. They could have had the finest intentions, without ever having intended to defraud, yet their duty might have been violated just the same; consequently the action was planted upon a question of breach of duty and not the action in deceit or fraud, and as the petition sets up that these transactions occurred long prior to the four year limitation and there being no tolling of the statute in this kind of a case, the statute of limitations was a complete bar, and, inasmuch as this appeared in the petition, the petition did not state a present cause of action and, therefore, the demurrer was rightfully sustained.

(Sullivan, PJ., concurs. Levine, J., dissents.)